**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | No. 10 CR 155-1 |
| v. | ) | |
| | ) | Judge Joan H. Lefkow |
| GONZALO GARCIA-AVILA | ) | |
| | ) | |

**OPINION AND ORDER**

On August 1, 2011, defendant Gonzalo Garcia-Avila was convicted by a jury of conspiracy to possess with intent to distribute and attempted distribution of 50 grams or more of methamphetamine, in violation of 21 U.S.C. § 846 and 18 U.S.C. § 2, respectively. He has moved under Federal Rule of Criminal Procedure 29 for a judgment of acquittal and under Federal Rule of Criminal Procedure 33 for a new trial. The court, having read the transcript of the trial, the parties' submissions on the motions, and the arguments of counsel on the record in open court, denies the motions for the following reasons.

**I.       Motion for Judgment of Acquittal**

Federal Rule of Criminal Procedure 29 provides, in pertinent part, that "the court on the defendant's motion must enter a judgment of acquittal of any offense for which the evidence is insufficient to sustain a conviction." Fed. R. Crim. P. 29(a). When requesting a judgment of acquittal under Rule 29, a defendant "faces a nearly insurmountable hurdle [because] . . . [the court] consider[s] the evidence in the light most favorable to the Government, defer[s] to the credibility determination of the jury, and overturn[s] a verdict only when the record contains no evidence, regardless of how it is weighed, from which the jury could find guilt beyond a reasonable doubt." *United States* v. *Blassingame*, 197 F.3d 271, 284 (7th Cir. 1999) (quoting

1

*United States* v. *Moore*, 115 F.3d 1348, 1363 (7th Cir. 1997)). A jury verdict of guilty must be set aside if, even though the verdict is not "wholly irrational," the evidence would not have justified a reasonable juror in finding guilt beyond a reasonable doubt. *United States* v. *Curescu*, 674 F.3d 735, 741–42 (7th Cir. 2012) *cert. denied*, Nos. 12-5304 & 12-5371, 674 F.3d 735 (U.S. Oct. 1, 2012) (quoting *Jackson* v. *Virginia*, 443 U.S. 307, 317–19, 99 S. Ct. 2781, 61 L .Ed. 2d 560 (1979); *United States* v. *Mojica*, 185 F.3d 780, 789 (7th Cir. 1999); *United States* v. *Rahman*, 34 F.3d 1331, 1337 (7th Cir. 1994); *United States* v. *DeCorte*, 851 F.2d 948, 952 & n.2 (7th Cir. 1988); *United States* v. *Brown*, 776 F.2d 397, 402 (2d Cir. 1985) (Friendly, J.)).

Garcia-Avila argues that the evidence presented at trial failed to prove his guilt beyond a reasonable doubt on any element of the two offenses. As such, he requests that the court set aside the jury's guilty verdict and enter a judgment of acquittal. Each of defendant's arguments is addressed below.

### A. The evidence at trial was sufficient to establish a conspiracy.

Garcia-Avila argues that there was insufficient evidence that a conspiracy existed and that he became a member of that conspiracy with the specific intention to further the goals of the conspiracy. He contends that, due to shortcuts in the investigation, the evidence collected by the Drug Enforcement Agency ("DEA") failed to establish that he agreed to commit a crime. Garcia-Avila points to the lack of surveillance photographs of him or any of the activities on February 24, 2010 or March 1, 2010 (Tr. 435); the poor quality of the tape recording of the February 24 meeting (Tr. 37–38, 324); the inherent unreliability of the informant, who had received immunity one week before the trial but was the only witness to make a voice identification of the defendant (Tr. 122); the absence of evidence that defendant had made telephone calls to the informant or the DEA undercover agent, and insufficient evidence that the

2

keys found in defendant's pocket were for the informant's car.  (*See* Tr. 271–284; 403–415; 468–83; 504; 517–29.)

The points Garcia-Avila makes reflect weaknesses in the evidence, but they do not demonstrate that evidence of any element of the charged crimes is missing or so insubstantial as to render a jury verdict unjust.  The informant testified at trial that he was present at the meeting on February 24 where Garcia-Avila and his co-conspirators discussed obtaining methamphetamine to sell to the undercover agent.  (*See* Tr. 194–230.)  DEA agents were at various sites maintaining visual surveillance of the individuals and monitoring the body wire conversations.  (Tr. 24–40.)  Although the tape recording of the February 24 meeting was of poor quality and its contents were difficult to hear, the interpreter who prepared the English translation of the conversation testified that she marked as unintelligible all portions of the conversation for which she was not 100 percent confident.  (Tr. 56.)  Although the informant was the only witness to make a voice identification of the defendant, this procedure is not unusual.  (*See* Tr. 46–112; 133–41; 145–83.)  Moreover, Garcia-Avila has not provided any evidence to substantiate his assertion that the government exerted undue influence on the informant.  The jury was instructed to treat the informant's testimony with caution and great care.  (Dkt. #159 at 4; 14.)  The jury's choice to believe the informant was its prerogative.

In addition, the absence of telephone calls between Garcia-Avila and the informant or the undercover agent does not defeat evidence that from February 24 to March 1 there were 115 cell phone contacts between defendant and Francisco Mendez, defendant's broker, 65 contacts between defendant and Carlos Figueroa, defendant's associate, and 17 contacts between defendant and Rosendo Jiminez, the drug deliveryman.  (Tr. 542–43; Ex. C.)  The informant also testified that it would have been unusual for defendant to make calls directly to the informant,

the undercover agent, or Pedro Quiroz, the informant's broker, because Mendez was defendant's contact, not the informant, the agent or Quiroz. (Tr. 208).

Finally, Garcia-Avila argues that there was insufficient evidence that he had the keys to the informant's car in his pocket at the time of his arrest. That the keys were not introduced in evidence and that there was no evidence indicating how Garcia-Avila happened to have the keys merely goes to the weight to be given to the agent's testimony that he found the keys in defendant's pocket and used them to open the informant's car and recover the drugs. (Tr. 482–83; 503–05; 518.) Garcia-Avila has not demonstrated that it would have been impossible for him to have had possession of the keys.

In light of all of the evidence supporting the principal facts that Garcia-Avila participated in a discussion of plans to procure methamphetamine for sale to the undercover agent, participated in numerous phone calls in furtherance of the transaction, and was identified in the vicinity at the time of the delivery of almost two pounds of methamphetamine, a reasonable jury could infer that defendant was a member of a conspiracy to distribute 50 grams or more of methamphetamine.

**B.**     **The evidence at trial was sufficient to establish attempt.**

Defendant bases his motion for judgment of acquittal of the attempt conviction on the same facts as set out above and contends that the proof introduced at trial was insufficient to prove that he attempted to distribute a controlled substance, that he did so knowingly and intentionally, and that he knew the substance was a controlled substance. Further, defendant argues, that he did not knowingly take a substantial step toward the commission of the offense with intent to commit the offense. The conclusion above forecloses this argument.

4

**II.       Motion for A New Trial**

Under Federal Rule of Criminal Procedure 33, a court may grant a new trial "if the interest of justice so requires." Fed. R. Crim. P. 33. "The decision to grant or deny a motion for new trial rests within the sound discretion of the trial court." *United States* v. *Reed,* 875 F.2d 107, 113 (7th Cir. 1989). The court may grant a new trial "in a variety of situations in which trial errors or omissions have jeopardized the defendant's substantial rights." *United States* v. *Reed,* 986 F.2d 191, 192 (7th Cir. 1993) (citation omitted). Such motions are disfavored and are granted only in extreme cases. *United States* v. *Linwood,* 142 F.3d 418, 422 (7th Cir. 1998). To justify a new trial, an evidentiary ruling must be not only error, but harmful error. *United States* v. *Owens,* 424 F.3d 649, 653 (7th Cir. 2005) ("[W]hen reviewing evidentiary errors, we will only reverse and order a new trial provided that the improper admission was not harmless, which is to say 'only if the error had a substantial influence over the jury, and the result reached was inconsistent with substantial justice.'") (quoting *United States* v. *Hernandez,* 330 F.3d 964, 969 (7th Cir. 2003)). In deciding the motion, the court "may properly consider the credibility of the witnesses, and may grant a new trial if the verdict is so contrary to the weight of the evidence that a new trial is required in the interest of justice." *United States* v. *Washington,* 184 F.3d 653, 657 (7th Cir. 1999). In support of his motion for a new trial, Garcia-Avila challenges a number of the court's rulings before and during trial, each addressed below.

**A.       The court did not err in granting the government's Rule 404(b) motion.**

At the pretrial conference, the court ruled that it would allow the government to introduce evidence under Federal Rule of Evidence 404(b) that Garcia-Avila and his co-conspirators agreed to provided the informant with ecstacy pills in addition to methamphetamine. The court instructed the government, however, that it should not use this evidence to "reference or in any

5

way indicate any prior [drug] transactions" by defendant. (Dkt. #338 at 20.) At the hearing on the motions now before the court, defendant withdrew his argument that the court erred in admitting this evidence.

He does maintain, however, that in closing argument the government violated the court's order by arguing that Garcia-Avila's presence at the February 24 meeting suggested that he was involved in the conspiracy rather than just coincidentally sitting with Quiroz with whom the informant had done drugs deals with in the past. (*See* Tr. 706–07.) The government needed to rebut the defense of mere presence. Using defendant's presence with Quiroz, about whom there was evidence of past drug dealing with the informant, to support an inference of defendant's knowledge of what was going on at the meeting was not a violation of the court's order because it did not rely on evidence of defendant's past drug dealings. Rather, as explained by the jury instructions, the proffered evidence showed that Garcia-Avila had the motive, knowledge and intent to engage in the charged offenses and was not a mere bystander at the meeting. (Dkt. #159 at 12.)

## B. The court did not err in admitting co-conspirator statements.

For reasons set out in the government's response to the court's order of September 7, 2012 (dkt. #337), the court is persuaded that there was sufficient evidence of a conspiracy and of defendant's membership in it so as to justify the admission of co-conspirator statements.

## C. The court did not err in its instructions to the jury.

Garcia-Avila argues that the court erred in giving a number of the government's proposed instructions and modifying certain defense instructions. Defendant does not support his positions with argument but merely concludes that these errors deprived him of his

way indicate any prior [drug] transactions" by defendant. (Dkt. #338 at 20.) At the hearing on the motions now before the court, defendant withdrew his argument that the court erred in admitting this evidence.

He does maintain, however, that in closing argument the government violated the court's order by arguing that Garcia-Avila's presence at the February 24 meeting suggested that he was involved in the conspiracy rather than just coincidentally sitting with Quiroz with whom the informant had done drugs deals with in the past. (*See* Tr. 706–07.) The government needed to rebut the defense of mere presence. Using defendant's presence with Quiroz, about whom there was evidence of past drug dealing with the informant, to support an inference of defendant's knowledge of what was going on at the meeting was not a violation of the court's order because it did not rely on evidence of defendant's past drug dealings. Rather, as explained by the jury instructions, the proffered evidence showed that Garcia-Avila had the motive, knowledge and intent to engage in the charged offenses and was not a mere bystander at the meeting. (Dkt. #159 at 12.)

## B. The court did not err in admitting co-conspirator statements.

For reasons set out in the government's response to the court's order of September 7, 2012 (dkt. #337), the court is persuaded that there was sufficient evidence of a conspiracy and of defendant's membership in it so as to justify the admission of co-conspirator statements.

## C. The court did not err in its instructions to the jury.

Garcia-Avila argues that the court erred in giving a number of the government's proposed instructions and modifying certain defense instructions. Defendant does not support his positions with argument but merely concludes that these errors deprived him of his

constitutional guarantees to due process and a fair trial. Without any guidance as to defendant's claims of error, the court deems these issues forfeited.

**D.** **The verdict was not against the manifest weight of the evidence.**

Defendant does not explain this argument and instead refers the court to his motion for judgment of acquittal. The court, having read the transcript of the trial and for reasons stated above, finds that the guilty verdict is not against the manifest weight of the evidence.

**E.** **A combination of errors did not deprive defendant of due process or compromise his right to a fair trial.**

As with subsection D, defendant does not explain this argument and, because this court has found no error, the argument necessarily fails.

**ORDER**

Defendant Gonzalo Garcia-Avila's motion for judgment of acquittal (#166) is denied. His motion for a new trial (#167) is denied.

Date: November 16, 2012           Enter: _____
                                          JOAN HUMPHREY LEFKOW
                                          United States District Judge

7